# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

Nos. 02-4272 & 03-1288

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VERNON BONNER and MARIA MAGANA BONNER,

*Defendants-Appellants.*

———————

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 670—**George W. Lindberg**, *Judge.*

———————

SUBMITTED FEBRUARY 6, 2006—DECIDED MARCH 7, 2006[1]

———————

Before BAUER, COFFEY, and MANION, *Circuit Judges.*

COFFEY, *Circuit Judge.* The appellants, Vernon and
Maria Magana Bonner, have filed a motion asking this
court to provide direction to the district court on a matter
of first impression in this circuit. We previously directed a
limited remand pursuant to the terms set forth in *United
States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for the

---

[1] This opinion has been circulated among all judges of this
court in regular active service pursuant to Circuit Rule 40(e). No
judge favored hearing the case en banc. Chief Judge Flaum
took no part in the consideration of whether to hear the case en
banc.

district court to state whether it would have imposed the same sentences had it understood in this case that the guidelines were advisory. On remand, the original sentencing judge recused himself, and the case was reassigned to another district court judge. The newly assigned judge after review issued an order explaining that he cannot proceed because he was not the sentencing judge and thus is unable to carry out the purpose of the limited remand. The appellants in turn ask this court to reverse the district court's ruling and order the newly assigned judge to carry out the limited remand in light of the sentencing judge's recusal from the case. Rather than directing the newly assigned judge to follow the procedure set forth in *Paladino*, we believe the better approach would be to vacate the appellants' sentences and remand to the newly assigned district judge with a clean slate for resentencing. This approach both makes sense and is true to the spirit of *Paladino* and its progeny.

## I.  Background

We recite only those facts necessary for this opinion but point out that a more complete recitation of the underlying facts may be found in our previous unpublished order. *See United States v. Bonner*, Nos. 02-4272 & 03-1288 (7th Cir. May 20, 2005) (unpublished). Vernon and Maria Magana Bonner were found guilty of wire fraud and theft of government funds. Maria also was found guilty of mail fraud and theft of educational funds. The district court sentenced both Vernon and Maria to 78 months' imprisonment, ordered them to pay restitution, barred Vernon from receiving any future social security benefits until restitution had been paid in full, and barred Maria from receiving any federal benefits until restitution was paid. In our May 20, 2005, order, we vacated the restriction on their eligibility for benefits and remanded the case to the district court for

the entry of corrected judgments. We also directed a limited remand pursuant to *Paladino*, asking the district court to indicate whether it would have sentenced the appellants differently under the advisory guidelines. *Id.*

The first sentencing judge, Judge Hart, recused himself from further proceedings on remand and recommended to the Executive Committee for the United States District Court for the Northern District of Illinois that the case be reassigned to another judge. Upon reassignment, Judge Lindberg issued a minute order explaining that it appears "that only the sentencing judge can make the determination required by *Paladino*, and *Paladino* provides no course of action for a situation such as this." He thus concluded that he was unable to carry out the purpose of the limited remand and refused to proceed. In denying the appellants' motion to reconsider, Judge Lindberg again relied on the language in *Paladino* referring to the "sentencing judge," and he explained that whether he may conduct proceedings on remand is an issue for this appellate court, not him, to decide.

## II.  Discussion

Our review of the Bonners' sentences imposed prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), is for plain error only because they did not object based on Sixth Amendment or *Apprendi* grounds in the district court. *See Paladino*, 401 F.3d at 481. In *Paladino*, our court outlined the procedure for determining whether an error, such as a sentence imposed under a guidelines regime that was thought to be mandatory, constitutes a correctable plain error. *Id.* at 481-83. We went on to explain that even where plain error exists, such an error is not correctable without proof that intolerable prejudice or a "miscarriage of justice" has occurred. *Id.* at 481. In order to determine whether such prejudice exists,

we are required to ascertain whether the "*sentencing judge* would have given the sentence he did even if he had not misunderstood the legal effect of the guidelines." *Id*. at 482 (emphasis added). Accordingly, this court agreed on a procedure whereby the court would order "a limited remand to permit the *sentencing judge* to determine whether *he* would (if required to resentence) reimpose his original sentence." *Id*. at 484 (emphasis added).

This, by its very nature, is a subjective determination. Indeed, in *Paladino* we stated that the case should be remanded to the "sentencing judge," not just any judge who might be available. *Cf*. Fed. R. Crim. P. 25(b)(1); *United States v. Soto*, 48 F.3d 1415 (7th Cir. 1995). We therefore conclude that, according to *Paladino*, the only person who could really tell us whether he would have imposed the same sentence based on the facts and evidence of a particular case is the original "sentencing judge." In his dissent to rehearing en banc in *Paladino*, Judge Ripple acknowledged the subjective requirements of a *Paladino* remand when he voiced concern over the uncertainty that would result in cases where "retirement, disability or death has made impossible consultation with the district judge who imposed the unconstitutional sentence." *Paladino*, 401 F.3d at 487 (Ripple, J., dissenting). The fact is that, in order for an appellate court to determine that a "miscarriage of justice" has not occurred, *Paladino* makes clear that an appellate court must be confident that the sentencing judge would have given the same sentence. *Id*. at 482. We fail to see how this court could possibly be "confident" that the sentencing judge would have given the same sentences in this case unless he has reassured himself after a further proceeding and we are able to ask him.

The Second and the Ninth Circuit have addressed this issue and reached similar conclusions, although they employ slightly different remand procedures. *See United States v. Sanders*, 421 F.3d 1044 (9th Cir. 2005); *United*

*States v. Garcia*, 413 F.3d 201 (2d Cir. 2005). Similar to the decision we reach today, the Ninth Circuit held that a full remand for a resentencing hearing, rather than its standard limited remand, was appropriate in a case where the district court judge had retired while the case was on appeal. *Sanders*, 421 F.3d at 1052. The Second Circuit, in contrast, concluded that a successor judge may conduct proceedings on limited remand when the original sentencing judge was unavailable, reasoning that the district court as an institution, not an individual judge, analyzes whether a defendant's sentence would have been the same under an advisory guidelines system. *Garcia*, 413 F.3d at 226. When the original sentencing judge is unavailable, however, the Second Circuit requires the presence of the defendant and requires the successor judge to consider what sentence he or she would have imposed on behalf of the court post-*Booker* rather than try to speculate what the original sentencing judge would do. *Id*. at 228-30; *cf*. Fed. R. Crim. P. 43(b)(3). These qualifications led the Ninth Circuit to observe that there is no substantive difference between the procedures adopted by the two circuits. "Whether the new district judge is imposing a new sentence in a full resentencing hearing, or determining in a *Garcia* modified limited remand whether he or she would have imposed a materially different sentence than that imposed by the original judge, a full review of the record is required. Further, in both cases the defendant must be produced and given an opportunity to be heard." *Sanders*, 421 F.3d at 1052.

Vacating the appellants' sentences and remanding for a new sentencing hearing allows the newly assigned judge to proceed with a clean slate. Unlike the typical case contemplated in *Paladino*, we cannot simply ask the sentencing judge whether he would have given a different sentence and "thus dispel[ ] the epistemic fog." *Paladino*, 401 F.3d at 484. Accordingly, we see no pur-

pose in restricting a newly assigned judge to comparing the sentence he would impose post-*Booker*, armed with the knowledge that the guidelines are advisory, to the sentence initially imposed by a different judge operating under the assumption that the guidelines were mandatory. Instead of being constrained by the proceedings conducted before the original sentencing judge, the successor sentencing judge will now be able to consider the entire record, consider additional evidence, including witness testimony, hear from the defendant if he or she desires, and hear arguments from the defense and prosecution alike. "In the post-*Booker* world, sentencing judges have discretion to weigh a multitude of factors that were not ordinarily relevant or appropriate to consider under the previous regime." 401 F.3d at 487-88 (Kanne, J., dissenting) (citing the example of specific offender characteristics set forth U.S.S.G. § 5H1 such as age, family ties and responsibilities, and employment record). Also, unlike a limited *Paladino* remand, the defendant will have an absolute right to be present during the hearing. *See* Fed. R. Crim. P. 43(a)(3). The new sentencing judge will start with a blank page and there is nothing to preclude him from imposing the same sentence, a lighter sentence or a harsher sentence as long as the sentence imposed is reasonable and the 18 U.S.C. § 3553(a) factors are considered. *See, e.g.*, *United States v. Newsom*, 428 F.3d 685, 686-87 (7th Cir. 2005), cert. denied, 2006 WL 271816 (2006); *Paladino*, 401 F.3d at 484.

The procedure we establish today is applicable whenever the original sentencing judge is unavailable to carry out a remand from this court in accordance with the terms set forth in *Paladino*, regardless of whether the judge is unavailable due to recusal, retirement, absence, death, sickness or other disability. If the sentencing judge becomes unavailable following a limited remand under *Paladino*, the successor judge should notify this court of the unavailability of the original sentencing judge. This court, in these

unusual and rare circumstances, will then vacate the defendant's sentence and remand for a complete resentencing hearing in order to permit the successor judge to sentence the defendant in conformity with the mandates of *Booker*.

Accordingly, IT IS ORDERED that the appellants' motion to direct the district court to carry out a limited remand under *Paladino* is DENIED. The appellants' sentences are VACATED, and their cases are REMANDED to the district court for resentencing.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*