**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 13, 2008
Decided September 2, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3018

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07 CR 26 |
| TIMOTHY J. HAMPTON, | |
| *Defendant-Appellant*. | John C. Shabaz, |
| | *Judge*. |

**O R D E R**

In June 2007 appellant Timothy Hampton pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced him to 328 months' imprisonment—a sentence that fell in the middle of the applicable guidelines range. Hampton did not object to the application of the crack cocaine guideline or the 100:1 crack-powder ratio, and the district court did not address these issues at sentencing.  We ordered a limited remand so that the district court could state whether it would have imposed a lower sentence had it known about *Kimbrough v. United States*, 128 S. Ct. 528 (2007).  *United States v. Hampton*, No. 07-3018 (7th Cir. June 26, 2008); *see United States v. Taylor*, 520 F.3d 746

(7th Cir. 2008).  The district court has now responded that it would not have sentenced Hampton differently.  Because Hampton did not present any other arguments on appeal, we affirm.

In January 2006 Hampton sold crack to a confidential informant and, on a separate occasion, to an undercover law enforcement officer.  Thereafter he admitted that he had sold more than six kilograms of crack in the Madison, Wisconsin, area.  As part of his plea agreement, he conceded that his conduct involved crack cocaine so that he would be sentenced pursuant to § 2D1.1 of the sentencing guidelines and that § 1B1.8 would apply.  Using the November 2006 sentencing guidelines, the 6.36 kilograms of crack cocaine for which Hampton was found responsible resulted in an offense level of 38.  *See* U.S.S.G. § 2D1.1(c)(1) (2006).  After subtracting three points for acceptance of responsibility, *see id.* § 3E1.1, Hampton's offense level was 35.  With a criminal history category of VI, the applicable guidelines range was 292 to 365 months' imprisonment.  Although Hampton was a career offender, the applicable offense level would have been 34, so the greater, otherwise applicable offense level of 35 applied.  *See id.* § 4B1.1(b).  After considering the factors in 18 U.S.C. § 3553(a), the district court sentenced Hampton in the middle of the guidelines range based largely on his extensive criminal history.  Hampton would not have benefitted from the November 2007 amendments to the sentencing guidelines that reduced the 100:1 crack-powder ratio because even under the updated guidelines the offense level for 6.36 kilograms of crack cocaine is 38.  *See* U.S.S.G. § 2D1.1(c)(1) (2007).

On appeal Hampton argued only that he was entitled to a limited remand so the district court could say whether it would have sentenced him differently had it known about *Kimbrough*.  Judge Barbara Crabb responded to our order because Judge Shabaz is on medical leave.  She fully evaluated Hampton's sentencing, reviewing the PSR, the sentencing hearing, and Judge Shabaz's sentencing statement.  She concludes that the large amount of drugs for which Hampton was held accountable was just one part of the sentencing determination and that Hampton's "extensive criminal history," which began at age 10, was an "even more important" factor in the determination.  She also notes that Judge Shabaz considered "the need to hold [Hampton] accountable for his continuing criminal activities, the need to protect the community from [Hampton], the deterrent effect of a long sentence, the value of achieving parity with the sentences of similarly situated offenders and the potential benefit to [Hampton] of participating in programs for anger management and alcohol and drug addiction."  Thus Judge Crabb concludes not only that Judge Shabaz would not have imposed a lower sentence had he known about *Kimbrough* but that she would not resentence Hampton either.

Hampton filed a response to Judge Crabb's order, arguing that under *United States v. Bonner*, 440 F.3d 414 (7th Cir. 2006), he is entitled to a new sentencing hearing because Judge

Crabb was not the original sentencing judge and therefore cannot answer whether Judge Shabaz would have sentenced him differently had he known he was free to consider the 100:1 crack-powder ratio. In *Bonner* we had ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to allow the district court to state whether it would have sentenced the defendants differently had it known that the sentencing guidelines were advisory, not mandatory. On limited remand, the district court judge recused himself, and the judge to whom the case was reassigned issued an order explaining that it appeared from *Paladino* that only the sentencing judge could make the determination and refused to proceed. We vacated the sentences and remanded the case for a new sentencing hearing before the newly assigned judge, reasoning that the determination of whether a sentencing judge would have sentenced the defendants differently is "subjective" and that under *Paladino* "the only person who could really tell us whether he would have imposed the same sentence based on the facts and evidence of a particular case is the original 'sentencing judge.'" *Bonner*, 440 F.3d at 416. But this case is distinguishable from *Bonner* because, unlike the reassigned judge in *Bonner*, Judge Crabb fully reviewed Hampton's sentencing and made clear that she sees no reason to change Hampton's sentence in light of *Kimbrough*. It would therefore be futile to remand the case for a new sentencing hearing.

Given the district court's firm statement that it would not have sentenced Hampton differently, a full remand is unnecessary, and we affirm the district court's judgment. *See United States v. White*, 519 F.3d 342, 349 (7th Cir. 2008).