NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2009
Decided February 13, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-2106

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-216-S-01 |
| NICOLE L. HOWE, *Defendant-Appellant.* | John C. Shabaz, *Judge*. |

**O R D E R**

Nicole Howe pleaded guilty in 2007 to possessing crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and the district court sentenced her to 120 months' imprisonment, the bottom of the sentencing guidelines range of 120 to 150 months. Howe filed a timely notice of appeal, but her counsel moved to withdraw after concluding that there was no nonfrivolous basis for an appeal. *See Anders v. California*, 386 U.S. 738 (1967). We denied the motion, however, in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), reasoning that Howe's sentence was a product of the 100:1 crack-to-powder ratio and that Howe could argue on appeal she was entitled to a limited remand to determine whether she

would have received a different sentence under *Kimbrough*. *See id.* at 564, 575 (permitting consideration, at sentencing, of disparity between guidelines ranges for crack and powder cocaine offenses); *United States v. Taylor*, 520 F.3d 746, 746-49 (7th Cir. 2008). Rather than proceed to the merits, the parties filed a joint motion for a limited remand, which we granted in July 2008.

Judge Shabaz, the initial sentencing judge, is on medical leave, so Judge Crabb took up the question in the district court. After reading the presentence report and the transcript of the sentencing hearing, Judge Crabb determined that Judge Shabaz would not have altered Howe's sentence had he known about the discretion furnished by *Kimbrough*. Judge Crabb noted Judge Shabaz's emphasis on Howe's prior criminal history and "the fact that she resumed dealing crack cocaine within six months of her release from state prison following her conviction for the same course of conduct." Moreover, Judge Shabaz "did not believe her criminal history score overstated the seriousness of her criminal behavior." Judge Crabb explained further that her colleague ultimately "balanced [Howe's] substance abuse problems and her supportive family against the nature of the offense and the quantities of controlled substances involved before concluding that a sentence at the bottom of the advisory guidelines range would be appropriate." Judge Crabb concluded, "taking into account the careful consideration that Judge Shabaz gave to the case and finding no persuasive reason to believe that the sentence he imposed is unreasonable, I am not inclined to give defendant a lower sentence in light of *Kimbrough*." Nor would Judge Crabb, as we understand her order, impose a different sentence for any other reason.

We invited the parties to comment on whether a full remand is appropriate in light of the district court's order, but neither reply is significant. The government simply urges us to affirm. Howe's submission is not responsive.

This is an unusual case. Judge Shabaz is the only appropriate judge to answer the question posed by our limited remand, but he is unavailable. The parties, meanwhile, have assented to this substitute arrangement in their most recent submissions to this court. Yet we have insisted in another context that "the only person who could really tell us whether he would have imposed the same sentence based on the facts and evidence of a particular case is the original 'sentencing judge.'" *United States v. Bonner*, 440 F.3d 414, 416 (7th Cir. 2006). *Bonner* is distinguishable, however. In that case we ordered a limited remand to determine whether the district court "would have have imposed the same sentences had it understood . . . that the guidelines were advisory." *Id.* at 415. The original sentencing judge recused himself on remand, and the newly assigned judge issued an order explaining that he could not proceed because he was not the sentencing judge and thus was unable to carry out the purpose of the limited remand. *Id.* Our solution there was to remand (a second time) for a new sentencing hearing before the newly assigned judge, who could then

proceed with a "clean slate." *Id*. But here that would be futile; Judge Crabb—currently the only judge in the Western District of Wisconsin—has already announced, after reviewing the record and the sentencing transcript, that *she* would not sentence Howe differently. A full remand is therefore unnecessary.

AFFIRMED.