ORDER
Collins Brumfield pleaded guilty to distributing crack cocaine, see 21 U.S.C. § 841(a)(1), and was sentenced to the top of the guidelines range, 235 months’ imprisonment. Because his appeal was pending when the Supreme Court decided Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), we remanded Brumfield’s sentence to the district court for the limited purpose of permitting the sentencing judge to advise this court whether he was inclined to resen-tence Brumfield in light of Kimbrough. However, we instructed the sentencing judge to hold off telling the court whether he was inclined to resentence the defendant under Kimbrough until he decided whether to act favorably on a motion to reduce the defendant’s sentence under the new guidelines range, U.S.S.G. § lB1.10(b)(2)(A).
Chief Judge Crabb, who is currently the only judge in the Western District of Wisconsin due to Judge' Shabaz’s medical leave, appropriately responded in place of Judge Shabaz. See United States v. Howe, 310 Fed.Appx. 43, 45 (7th Cir.2009) (unpublished order). Chief Judge Crabb *461 announced that she intends to lower Brumfield’s offense level to comport with the amended crack guidelines—Brum-field’s new guidelines range would be 151 to 188 months—and also that she is inclined to impose a yet lower sentence, pursuant to Kimbrough, based on the remaining disparity between the crack and powder cocaine sentencing guidelines. Brumfield requests a remand for resen-tencing; the government has not responded.
Accordingly, IT IS ORDERED that Brumfield’s sentence is VACATED, and the case is REMANDED to the district court for resentencing.