NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 9, 2013
Decided August 12, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2877

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:09-cr-00546-3 |
| JOSE GONZALEZ-ZAVALA, | |
| *Defendant-Appellant.* | William J. Hibbler, |
| | *Judge.* |

**O R D E R**

The Supreme Court vacated the judgment in this case and remanded the matter to us so that we could consider the effect of *Peugh v. United States*, 569 U.S. ___, 133 S. Ct. 2072 (2013), on the case.  We in turn requested Circuit Rule 54 statements from the parties.  The

Government responded and concedes that this case should be remanded for a new sentencing hearing consistent with the Supreme Court's decision in *Peugh,* in which the Court held that a defendant should be sentenced under the edition of the U.S. Sentencing Guidelines Manual in effect at the time of his offense, rather than under the edition in effect at the time of sentencing, when the newer edition provides a higher applicable Guidelines range. *See Peugh*, 133 S. Ct. at 2078. This concession is based on the Government's admission that, first, an error was made in the district court—i.e., the Guidelines range used was based on sentencing enhancements that came into effect after the issuance of the indictment charging Gonzalez-Zavala with criminal conduct—and, second, we cannot be certain that the error was harmless. *See United States v. Tovar-Pina*, 713 F.3d 1143, 1148 (7th Cir. 2013) (remanding the case because the court had "no way of knowing whether the judge would have imposed the same sentence but for the procedural error"). We agree with this assessment of the record. Additionally, because the original sentencing judge is now deceased and thus unable to advise us as to whether he would have imposed a different sentence under the correct standard, our precedent requires us to remand the case for a complete sentencing hearing to allow the new sentencing judge to "proceed with a clean slate." *See United States v. Bonner*, 440 F.3d 414, 417 (7th Cir. 2006).

We VACATE Gonzalez-Zavala's sentence and REMAND for resentencing using the correct Guidelines range.